[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15413
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cr-00115-RBD-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCO MAURICE HEATH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 5, 2015)

Before HULL, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Marco Heath appeals his conviction of one count of knowingly possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1).  On appeal, Heath argues that the district court erred in denying his motion to suppress because the police unlawfully detained him at the time his girlfriend consented to the search of the house where the weapons were eventually discovered.  Heath contends that the stop exceeded its permissible scope when the officers prolonged his detention in order to conduct an exploratory search of the neighborhood for weapons an officer had previously observed on Heath.

We review a district court's denial of a motion to suppress evidence for clear error as to factual findings and *de novo* as to its application of the law.  *United States v. Watkins*, 760 F.3d 1271, 1282 (11th Cir. 2014).  We review a district court's determinations of reasonable suspicion or probable cause *de novo*.  *Ornelas v. United States*, 517 U.S. 690, 699, 116 S.Ct. 1657, 1663 (1996).  We may affirm the denial of a motion to suppress on any ground supported by the record.  *Watkins*, 760 F.3d at 1282.  The facts are viewed in a light most favorable to the Government.  *Id.* at 1279.

The Fourth Amendment prohibits unreasonable searches and seizures, and in the absence of a warrant, a search is only reasonable if it falls within a specific exception to the warrant requirement.  *Id.* at 1278.  A warrantless search preceded

by valid consent is one such exception. *Id.* at 1279. The consent of one co-tenant who possesses common authority over the premises is valid against an absent, nonconsenting co-tenant. *Fernandez v. California*, __ U.S. __, 134 S.Ct. 1126, 1133 (2014). This is true even where the police could have asked the absent co-tenant for consent to search. *See id.* at 1132-33. An occupant who is absent due to a lawful detention or arrest stands in the same shoes as an occupant who is absent for any other reason. *Id.* at 1134.

The Fourth Amendment permits a police officer to conduct a brief, warrantless, investigatory stop of an individual when the officer has reasonable, articulable suspicion of criminal activity. *United States v. Hunter*, 291 F.3d 1302, 1305-06 (11th Cir. 2002). We determine whether an investigatory stop was legal under the Fourth Amendment by ascertaining (1) "whether the stop was justified at its inception," and (2) "whether the stop was reasonably related in scope to the circumstances that justified the stop in the first place." *United States v. Griffin*, 696 F.3d 1354, 1358 (11th Cir. 2012).

An investigatory detention is justified at its inception if, based on the totality of the circumstances, the officer conducting the stop had a "reasonable, articulable suspicion based on objective facts that that the person has engaged in, or is about to engage in, criminal activity." *United States v. Lindsey*, 482 F.3d 1285, 1290 (11th Cir. 2007). The reasonable suspicion must be more than "an inchoate and

unparticularized suspicion or hunch." *Id.* An officer may form a reasonable suspicion of criminal activity by observing exclusively legal activity, even if such activity is seemingly innocuous to the ordinary observer. *Id.* Police may "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person." *Id.* at 1291 (quotation omitted). In addition, an individual's proximity to illegal activity may be considered. *Hunter*, 291 F.3d at 1306. Reasonable suspicion can be determined from the collective knowledge of the officers involved in the stop. *United States v. Williams*, 876 F.2d 1521, 1524 (11th Cir. 1989).

In order to determine if a valid investigatory stop exceeded its scope and transformed into an arrest that must have been supported by probable cause, we consider four nonexclusive factors: (1) the law enforcement purpose served by the detention; (2) the diligence with which the officers pursued the investigation; (3) the scope and intrusiveness of the investigation; and (4) the duration of the detention. *United States v. Street*, 472 F.3d 1298, 1306 (11th Cir. 2006). When balancing these factors, we focus on "whether the police diligently pursued a means of investigation likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant." *Id.* (quotation omitted). We have concluded that a stop of approximately 30 minutes, the majority of which was

4

spent awaiting assistance, was not unreasonable. *Courson v. McMillian*, 939 F.3d 1479, 1492 (11th Cir. 1991).

In this case, the district court did not err in concluding that Heath was lawfully detained, and thus the consent to search provided by his girlfriend was valid as to Heath because he was legally considered absent. First, the initial stop was justified by reasonable articulable suspicion under the totality of the circumstances. *See Lindsey*, 482 F.3d at 1290. An officer observed Heath riding his bicycle with weapons strapped to the handlebar in a high crime area. The officer who stopped Heath recognized him from prior encounters and knew that he was a convicted felon, which, combined with the first officer's earlier observation that Heath had been carrying firearms, produced a reasonable suspicion that Heath had engaged in criminal activity.

Second, the investigatory stop did not exceed its permissible scope. Heath no longer had firearms (or anything else) on his bicycle, and his answer to the officers that he had been carrying garden tools on his bicycle rather than weapons was inconsistent with what the first officer had observed earlier. Therefore, Heath's detention while the officers searched the area where he had been stopped and seen earlier was reasonably related in scope to the purpose behind the detention, that is, to investigate whether Heath had been in possession of firearms. *See Street*, 472 F.3d at 1306. Viewing the facts in a light most favorable to the

5

Government, the officers diligently pursued the investigation by searching the area soon after stopping Heath in order to confirm their suspicions that he had hidden the weapons. *See id.* The stop was not overly intrusive, as Heath was not handcuffed. *See id.* Finally, the duration of the detention lasted around 30 minutes, which we have concluded to be reasonable and does not alone transform the encounter into an arrest. *See Courson*, 939 F.3d at 1492.

**AFFIRMED.**